ALFRED W. GORDON, PETITIONER, *v.* COMMISSIONENR OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57483. Promulgated October 31, 1933.

*Edgar M. Morsman, Jr., Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

MATTHEWS: This is a proceeding for the redetermination of a deficiency in income tax for the year 1928 in the sum of $4,518.54. The sole issue presented herein is whether the respondent erred in adding to the petitioner's reported income for the taxable year the sum of $29,919.20, which amount the respondent has determined to represent additional dividends received by the petitioner from the Gordon Can Co.

It has been agreed by the parties hereto that the testimony in the case of the *Gordon Can Co.*, Docket No. 51845, reported at 29 B.T.A. 272, may be treated as a part of the testimony in the instant case, and reference is made to our opinion in that case for a more complete statement of the facts upon which the respondent has based his determination.

In 1928 the petitioner owned 790 shares and the petitioner's wife owned 200 shares of the common stock of the Gordon Can Co., and of the common stock of the Wallace Realty Co. petitioner owned 5 shares and his wife owned 95 shares. These shares constituted all of the common stock of these two corporations.

During the taxable year C. S. Davis & Co. paid to the Wallace Realty Co., as commissions on the sale of tin plate furnished by C. S. Davis & Co. to the Gordon Can Co., sums totaling $37,367.98. We have held, in our opinion in *Gordon Can Co.*, *supra*, that this amount constituted income to the Gordon Can Co. and should have been included in its income tax return for 1928.

The Wallace Realty Co. declared a dividend of $40,000 in 1928 and of this amount the petitioner received and reported $2,000, being 5/100 of the amount of the dividend. The Gordon Can Co. declared no dividend in 1928 and of the dividends reported by the petitioner for 1928 no portion represented dividends from the Gordon Can Co.

It is the respondent's position that the $40,000 dividend declared by the Wallace Realty Co. was taken out of the earnings of the Gordon Can Co. and that this dividend should be treated as having been distributed to the stockholders of the Gordon Can Co. in proportion to their holdings in that company, which would result in the petitioner's receiving 790/990 of $40,000, or $31,919.20. Since the petitioner reported only $2,000, which he received as the holder of five shares of stock of the Wallace Realty Co., the respondent has added to the dividends reported by the petitioner the sum of $29,919.20.

The record is clear that the petitioner reported all the dividends actually received by him in 1928 and that the Gordon Can Co. paid no dividends in that year. It may be that the Wallace Realty Co. would not have declared a $40,000 dividend if it had not received the

above mentioned commissions in the sum of $37,367.98, but it does not follow that this $40,000 dividend may be regarded as having been declared and paid by the Gordon Can Co. or that the stockholders of the Gordon Can Co. are taxable on dividends which they did not receive. We do not have before us the income tax return of the Wallace Realty Co. for 1928, but we do know that this company had income from other sources. At the hearing in *Gordon Can Co., supra,* A. W. Gordon testified that the Wallace Realty Co. was formed in 1924 for the purpose of holding a certain building which brought in a large annual rental, and in addition to receive the commissions referred to above. The revenue agent's report, which was introduced in evidence, indicates that for the taxable year 1928 a part of the income of the Wallace Realty Co. consisted of interest on securities and profit from the sale of securities. We are not called upon to consider the tax liability of the Wallace Realty Co. The petitioner has shown that he included in his income tax return all the dividends received by him in 1928. The respondent committed error in determining that additional dividends should have been reported by him for the taxable year. Inasmuch as the respondent made another adjustment to income which the petitioner is not contesting,

*Judgment will be entered under Rule 50.*